# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| JOE KENNETH WHITT, JR., | ) | |
| | ) | Case No. 4:20-cv-16 |
| *Plaintiff,* | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| AUSTIN THORNTON, MIKE PITTS, | ) | |
| BRENDA BURNS, DR. MILLER, | ) | |
| DORTHY BUCK, DR. JONES, and | ) | |
| WILLIAM HAROLD, | ) | |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM OPINION

The Court is in receipt of a *pro se* prisoner's complaint for violation of 42 U.S.C. § 1983 (Doc. 2) and related motion for leave to proceed *in forma pauperis* (Doc. 1). The Court will address Plaintiff's motion for leave to proceed *in forma pauperis* before screening the complaint in accordance with the Prison Litigation Reform Act ("PLRA").

### I.     MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee in this action. Accordingly, pursuant to 28 U.S.C. § 1915, this motion (Doc. 1) will be **GRANTED**.

Because Plaintiff is an inmate in the Lincoln County Jail, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly

balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II.     SCREENING

### A.  Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Benson v. O'Brian*, 179 F.3d 1014, 1015 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe *pro se* pleadings filed in civil-rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### B. Allegations of Complaint

In January 2015, Plaintiff was arrested and charged with manufacturing of methamphetamine by Sgt. Mike Pitts of the Lincoln County Sheriff's Department. (Doc. 2, at 4–5.) Public Defender Dorthy Buck was appointed as Plaintiff's attorney, and Plaintiff "told her she was fired [three] times" before he was later appointed Public Defender William Harold. (*Id.* at 5.) Harold obtained Sgt. Pitts' statement in discovery, and Pitts later sent Plaintiff's counsel a second statement, which was not consistent with this first statement. (*Id.*) Plaintiff told Harold that he could win at trial due to the inconsistencies in Pitts's statements, but Harold advised Plaintiff that they "could not put [Pitts] on the stand." (*Id.*) Plaintiff eventually accepted a five-year suspended sentence, but he later found out that the investigator for the Office of the Public Defender did not timely investigate Plaintiff's "story" and was rumored to be having an affair with someone in the District Attorney's Office. (*Id.*)

Plaintiff's suspended sentence was revoked in 2017, and he was incarcerated at the Lincoln County Jail (the "jail"). (*Id.*) Plaintiff submitted a sick-call form, requesting a mirror to remove his contact and clean it. (*Id.*) Plaintiff was transported to an eye doctor, where his contact was taken out and given to Nurse Brenda Burns upon Plaintiff's return to jail. (*Id.* at 5–6.) Plaintiff wrote grievances about the missing contact for months and finally threatened to file a § 1983 lawsuit. (*Id.* at 6.) Then, he was placed in a solitary cell for one to two weeks before his contact was returned to him. (*Id.*)

On May 18, 2018, Plaintiff was allowed a 365-day furlough from jail to go to rehab. (*Id.*) The relevant court order advised that upon Plaintiff's release from custody, his attorney, William Harold, would set a court date on which Plaintiff's sentence would be modified. (*Id.*) Plaintiff claims Harold never set a court date, however, and a warrant issued against Plaintiff for his failure to return to jail after furlough. (*Id.*)

Plaintiff has been incarcerated now at the jail for two months and has filed many grievances relating to medical needs, which improperly return to Plaintiff with an answer from Correctional Officer Austin Thorton that the grievance has "already been answered." (*Id.*) On occasion, Plaintiff submits a grievance addressed to medical, and Thorton answers the grievance and charges Plaintiff a $5 medical fee despite the fact that the grievance was not answered by medical personnel. (*Id.*)

Plaintiff has sought treatment from Dr. Miller concerning his calf and foot numbness, but Dr. Miller "doesn't address" Plaintiff's problem and instead talks about Plaintiff's hammer toe and poor circulation caused by smoking. (*Id.* at 7.) Plaintiff, who suffers from diabetes and neuropathy, receives no medication to treat his conditions. (*Id.*) Plaintiff also has no shoes that he can comfortably wear. (*Id.*) Plaintiff filed out a sick-call request about his foot and shoe

issues six days prior to filing the instant lawsuit, but he did not receive a response despite jail protocol requiring a response within seventy-two hours. (*Id.*) Plaintiff also notes that no medical staff is on duty on the weekends. (*Id.*)

### C. Analysis

#### i. *Statute of Limitations*

First, the Court finds that any claim raised by Plaintiff's allegations surrounding his 2015 arrest, subsequent investigation and plea, 2017 revocation, placement in solitary confinement, and loss of contacts is time barred. Federal district courts apply the State's statute of limitations for personal injury actions in proceedings arising under 42 U.S.C. § 1983. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Tennessee, that period is one year. *See* Tenn. Code Ann. § 28-3-104; *Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002) ("The appropriate statute of limitations for personal injury actions arising in Tennessee and brought under the federal civil rights statutes is one year."); *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 to a § 1983 claim). When the clock begins to run, however, is an issue of federal law. *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury forming the basis of the claim is discoverable. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

These particular allegations involve conduct that occurred between January 2015 and, at the latest, May 18, 2018, when Plaintiff went to rehab. (*See* Doc. 2.) Plaintiff did not file the instant action until on or about April 14, 2020. (*See id.* at 3.) Accordingly, any claim based upon Plaintiff's allegations surrounding his 2015 arrest, subsequent investigation and plea, 2017

revocation, placement in solitary confinement, and/or loss of contacts is barred by the applicable statute of limitations.

## ii. Fact of Current Incarceration

Second, the Court finds that Plaintiff is prohibited from obtaining § 1983 relief based on the fact of his incarceration following his failure to return to jail from rehab, as he has not demonstrated that his conviction and/or sentence has been reversed or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding plaintiff must demonstrate unlawfulness of his conviction or confinement prior to pursue § 1983 suit challenging criminal judgment). Therefore, any claim based on the fact of Plaintiff's current incarceration must be dismissed. *See Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (affirming district court judgment that *Heck*-barred claim fails to state a claim and is frivolous).

Additionally, even if Plaintiff could maintain a § 1983 claim for damages based on the fact of his current incarceration, he could not maintain suit against the allegedly responsible parties, Public Defender William Harold and/or Public Defender Dorthy Buck, as a public defender is not a "state actor" for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."). Accordingly, Public Defenders Buck and Harold are otherwise entitled to dismissal.

## iii. Grievances

Third, the Court finds that Plaintiff has not stated a constitutional claim by asserting that his grievances are improperly answered by Correctional Officer Thornton, and/or that he is improperly charged a medical fee despite the absence of a medical response. Inmates have no constitutional right to a grievance procedure, and they therefore have no interest in having any

such grievances satisfactorily resolved.  *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)).  Accordingly, any alleged infirmities in the jail's grievance procedure and/or officer response cannot serve as the basis for a viable constitutional claim.

Moreover, to the extent Plaintiff has a claim at all for any allegedly improper fee collection related to his grievances, any potential remedy would lie in state law, not federal law. The United States Supreme Court has held that the Due Process Clause of the Fourteenth Amendment is not violated when a state employee randomly deprives an individual of property, provided that the State makes available a meaningful post-deprivation remedy.  *Parratt v. Taylor*, 451 U.S. 527, 543 (1981)*, overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (extending *Parratt*'s holding to intentional deprivations of property).  Plaintiff has not pled that Tennessee's post-deprivation procedures are inadequate for redressing the alleged wrong as is necessary to sustain his § 1983 claim.  *See Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983).  Additionally, the Court notes that Tennessee law provides for the recovery of personal property.  *See McQuiston v. Ward*, No. 2001-201-COA-R3-CV, 2001 WL 839037, at *1 (Tenn. Ct. App. July 25, 2001) (citing Tenn. Code. Ann. §§ 29-30-101, 29-30-201).  Plaintiff has not shown that these state remedies are inadequate, and, therefore, he has not stated a claim that would entitle him to relief under § 1983 for the allegedly improper charges to him for medical treatment.

### iv.  Medical Care

Finally, the Court addresses Plaintiff's complaints that he has been denied necessary medical attention.  (*See* Doc. 2, at 6–7.)  It is well settled that the Constitution does not guarantee a prisoner "unqualified access to healthcare."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). However, the denial of constitutionally adequate medical care to a prisoner violates the Eighth

Amendment's prohibition against cruel and unusual punishment, which proscribes acts or omissions that produce an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). An Eighth Amendment claim for the denial of adequate medical treatment is composed of two parts: (1) an objective component, which requires a plaintiff to show a "sufficiently serious" medical need; and (2) a subjective component, which requires the plaintiff to show the defendants acted with "deliberate indifference" to that need. *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). Negligence is insufficient to establish liability; deliberate indifference requires a mental state amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839–40). Therefore, to establish an official's liability, a prisoner must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

If medical treatment has been provided, a prisoner's disagreement with the adequacy of care given does not implicate the Constitution. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). This is because "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* Rather, to state a constitutional claim, a prisoner must show that his treatment was "so woefully inadequate as to amount to no treatment at all." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2001); *see also Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843–44 (6th Cir. 2002).

While Plaintiff lists Dr. Jones as a defendant in this action, the complaint contains no allegations against him or her. (*See generally* Doc. 2.) Therefore, Plaintiff has not stated a claim against Dr. Jones, and this defendant will be dismissed. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were

personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Similarly, while Plaintiff contends that there is no medical staff at the jail on weekends, and that Defendant Nurse Burns has "been at the door [two] times this week," he has not alleged constitutional injury from either of these vague allegations. Accordingly, the Court finds that these allegations also fail to state a constitutional claim. *See, e.g.*, *Twombly*, 550 U.S. at 555, 570 (finding allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery do not state a plausible claim for relief).

Plaintiff's complaint does contain factual allegations against Dr. Miller, however. Specifically, Plaintiff maintains that while he has been seen by Dr. Miller on more than one occasion, the evaluation resulted in no treatment, despite the fact that Plaintiff suffers from neuropathy and diabetes and requires medical intervention. (Doc. 2, at 6–7.) Therefore, the Court finds that Plaintiff's complaint states a plausible claim against Dr. Miller for the denial of constitutionally adequate medical care, and it will allow this case to proceed as to that sole claim.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum opinion and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Plaintiff's claim that Dr. Miller denied him constitutionally adequate medical care shall **PROCEED**;

6. The Clerk is hereby **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Dr. Miller;

7. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within thirty (30) days of entry of this memorandum and order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Federal Rule of Civil Procedure 4;

8. Plaintiff is **NOTIFIED** that failure to return the completed service packet within the time required may result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

9. Defendant shall answer or otherwise respond to the complaint within twenty-one days from the date of service. If Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default;

10. All remaining claims and Defendants are **DISMISSED**; and

11. Plaintiff is **ORDERED** to immediately inform the Court and Defendant or Defendant's counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a *pro se* party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**