# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| JOE KENNETH WHITT, JR., ) | |
| ) | Case No. 4:20-cv-16 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| DR. MILLER, ) | |
| ) | |
| *Defendant*. ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiff's pro se complaint, brought under 42 U.S.C. § 1983. (Doc. 2.) On April 22, 2020, the Court ordered Plaintiff to complete a service packet for Defendant and return it to the Court within thirty days. (Doc. 4.) More than thirty days have now passed, and Plaintiff has not complied with this order or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 41(b); *see Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). In the Sixth Circuit, a reviewing court examines four factors in determining whether dismissal under Rule 41(b) is appropriate:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

Here, while the Court does find that Plaintiff's failure to comply with the Court's order has not prejudiced Defendant, each of the other factors weighs in favor of dismissal of this case. First, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff received the order and chose not to comply. Further, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order. (Doc. 4, at 10.) Finally, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner proceeding proceed *in forma pauperis*, and he has not pursued this case beyond filing an initiating pleading.

Because the Court concludes that dismissal of Plaintiff's action pursuant to Rule 41(b) is appropriate, this case will be **DISMISSED**. The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**